[Civ. No. 4097. First Appellate District, Division Two.—January 31, 1922.]

L. B. BIXLER, Appellant, v. CECIL VIVIAN HICKLING, Respondent.

[1] DEED—ACTION TO SET ASIDE—HUSBAND AND WIFE—PRESUMPTION OF UNDUE INFLUENCE—REBUTTING EVIDENCE—RIGHT OF COURT.— Where in an action to set aside a deed made by the mother of the plaintiff to the defendant about one month after her marriage to him the plaintiff relied solely upon the presumption of undue influence growing out of the marriage relation and the defendant offered abundant evidence to prove that no undue influence had been used, the trial court had the right to reject the special verdict of the jury that the deed had been executed through undue influence and to give judgment for the defendant, since if the presumption applied, it merely created a conflict in the evidence, and if it did not apply, the entire proof was on the side of the defendant.

APPEAL from a judgment of the Superior Court of Santa Cruz County. Benj. K. Knight, Judge. Affirmed.

1. Duty of trial court to set aside verdict as contrary to evidence, notes, 2 Ann. Cas. 762; Ann. Cas. 1912D, 1226.

The facts are stated in the opinion of the court.

Short, Lindsay & Woolley for Appellant.

William T. Satterwhite for Respondent.

NOURSE, J.—Plaintiff sued to set aside a deed executed by his mother to defendant, who was the husband of the grantor by a second marriage. The deed was executed about one month after the marriage of the grantor and defendant and was put in escrow under her instructions and delivered to defendant at the time of her death about two years later. The cause was tried by a special jury, which rendered a verdict that the deed had been executed through the undue influence of the defendant. The trial court rejected the verdict and gave judgment for the defendant.

[1] The only point raised on the appeal is that the trial court erred in rejecting the appellant's theory of the case as to the application of the presumption of undue influence growing out of the marriage relation. The appellant relied solely upon that presumption while the respondent offered abundant evidence to prove that no undue influence had been used. Thus, if the presumption applies, it merely creates a conflict in the evidence; if it does not apply, the entire proof is on the side of the respondent. In either event the trial court might reject the verdict.

Judgment affirmed.

Langdon, P. J., and Sturtevant, J., concurred.